STATE BOARD OF TAX APPEALS.

CITY OF NEWARK, PETITIONER, v. BLANCHARD LUMBER
COMPANY, RESPONDENT.

Decided December 22, 1942.

For the petitioner, *Raymond Schroeder* (by *Vincent J. Casale*).

For the respondent, *Samuel S. Ferster.*

WAESCHE, President. The Essex County Board of Taxation canceled a personal property assessment in the sum of $15,000, levied by the City of Newark against the respondent, for the year 1941. The city brings this appeal to restore the assessment. The respondent justifies the exemption upon the basis of *R. S.* 54:4-3.20; *N. J. S. A.* 54:4-3.20, providing that personal property stored in a warehouse of any person, co-partnership or corporation engaged in the business of storing goods for hire, shall be exempt. Respondent owns no property in the petitioner taxing district other than the lumber which it stores at the premises of Newark Tidewater Terminal. The latter, so far as the testimony before us discloses, is a public warehouse for hire, storing varied products for other bailors as well as lumber for respondent.

The city seeks to derogate from the *bona fides* of the warehouseman-bailee relationship here established by showing that respondent exercises custody by its own employee of the lumber stored on the warehouse premises, that the warehouse

company does not check the receipt or shipment of the merchandise, and that it issues no warehouse receipts therefor. It has been heretofore settled, however, that circumstances of this nature do not defeat the applicability of the statute. *Halligan & McClellan, Inc.*, 122 *N. J. L.* 551; 6 *Atl. Rep.* (2d) 668 (*Supreme Court*, 1939). All that matters is that the bailor pay a charge for the hire and that the bailee be a person or corporation engaged in the business of storing goods for hire. These facts are plainly apparent here. The exemption act is constitutional. *Schwartz* v. *Essex County Board of Taxation*, 129 *N. J. L.* 129; 28 *Atl. Rep.* (2d) 482 (*Supreme Court*, 1942).

The judgment of the Essex County Board of Taxation is affirmed.